UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robin Rodriguez

    v.                                                          Civil No. 07-cv-055-SM

United States Department of Justice

**O R D E R**

Robin Rodriguez has filed this action seeking declaratory and injunctive relief to prevent the United States Department of Justice from removing and deporting him, on the grounds that he is a United States citizen.[1]  Because Rodriguez is proceeding pro se, the matter is before me for preliminary review to determine whether, among other things, the subject matter jurisdiction of this Court has been properly invoked.  See United States District

---

[1] Rodriguez has filed this matter as a civil rights action under 42 U.S.C. § 1983.  The action is more appropriately considered as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Section 2241 provides an avenue for a court to determine whether Rodriguez is unconstitutionally detained as an alien on the grounds that he is, in fact, a citizen.  See 8 U.S.C. § 1252(e)(2)(A).  Accordingly, I will construe this action as having been filed under § 2241.  To the extent that Rodriguez has paid a filing fee in excess of that required to file a § 2241 petition, I direct the Clerk's office to return the filing fee to Rodriguez, less the fee for filing a § 2241 petition, and to redocket this matter as a § 2241 petition.

Court for the District of New Hampshire Local Rule 4.3(d)(2)(A). As explained herein, I find that this Court lacks jurisdiction to consider Rodriguez's request, and I direct that the matter be transferred to the United States Court of Appeals for the First Circuit.

## Background

Rodriguez alleges that he is a United States citizen incarcerated pursuant to an order of deportation and removal issued by the United States Department of Justice. Rodriguez claims that he is in immediate danger of being removed to the Dominican Republic where he was born.

Rodriguez alleges that he was born in the Dominican Republic where he was abandoned by his mother when he was a child. In 1979 or 1980, when Rodriguez was still a minor, he was brought to the United States by his father. Rodriguez claims that his father became a naturalized United States citizen before Rodriguez obtained his majority, and that, under the laws governing derivative citizenship at that time, he too became a citizen. Nevertheless, Rodriguez was subjected to removal proceedings after being convicted of an aggravated felony in

Rhode Island.  In 1996, an Immigration Judge ordered Rodriguez's removal to the Dominican Republic.

## Discussion

1. Jurisdiction

Rodriguez challenges the right of the United States Department of Justice to deport him.  Rodriguez has recently moved to reopen his deportation proceedings, in order to have his citizenship established.[2]  Here, among other things, Rodriguez seeks to have this Court enjoin his deportation, pending resolution of the issue of his citizenship.  I construe the petition as also seeking a declaration that Rodriguez is, in fact, a United States citizen.

---

[2] It appears that a similar motion to reopen his removal proceedings in order to determine his citizenship was denied without prejudice by a United States Immigration Judge on November 28, 2001, on the basis that the motion was both untimely and offered insufficient proof of citizenship for the Court to excuse the timeliness requirement.  However, the Constitution is violated when a person with a nonfrivolous claim to United States citizenship is deported without receiving a determination of that claim. Minasyan v. Gonzales, 401 F.3d 1069, 1075 (9th Cir. 2005) (citing Rivera v. Ashcroft, 394 F.3d 1129 (9th Cir. 2005)). Because a citizenship claim can be considered even when a person has already been illegally deported by the government as an alien, see Rivera, 394 F.3d at 1149, the Immigration Judge's previous denial of a motion to reopen and the potential untimeliness of Rodriguez's recent motion before that Immigration Judge does not control the ability of the federal judiciary to consider a non-frivolous citizenship claim.

While it appears on the face of the pleadings that Rodriguez states at least a colorable claim of citizenship, this Court lacks jurisdiction to consider that claim, as original jurisdiction over citizenship claims lies with the United States Court of Appeals under 8 U.S.C. § 1252(b)(5).[3]  See Batista v. Ashcroft, 270 F.3d 8, 11-12 (1st Cir. 2001); Minasyan, 401 F.3d at 1074; Duncan v. Samuels, Civ. No. 07-1494, 2007 WL 1101227, at *2 (D.N.J. Apr. 5, 2007) (citing Rivera-Martinez v. Ashcroft, 389 F.3d 207, 208-10 (1st Cir. 2004), cert. denied, 545 U.S. 1142

---

[3]Section 1252(b)(5) provides:

> (A) Court determination if no issue of fact.  If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
> (B) Transfer if issue of fact.  If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.
> (C)  Limitation on determination.  The petitioner may have such nationality claim decided only as provided in this paragraph.

(2005)).  Under 8 U.S.C. § 1252(b)(5), where a petitioner claims to be a citizen of the United States, the court of appeals must first determine whether there exists any genuine issue of material fact regarding petitioner's nationality.  See Batista, 270 F.3d at 12.  The court of appeals can then either decide the matter on the pleadings, or transfer the case to the appropriate district court for a hearing on the nationality claim.  Id. at 13.  Accordingly, Rodriguez may not bring his claim of United States citizenship in the district court in the first instance. Id.

2.   Stay

Rodriguez has requested a stay of deportation.  Because this Court lacks subject matter jurisdiction over this matter, I cannot issue a stay.  The court of appeals, however, has the authority to issue a stay, and Rodriguez may pursue his request in that Court.  See Arevalo v. Ashcroft, 344 F.3d 1, 4 (1st Cir. 2003).

3.   Transfer Under 28 U.S.C. § 1631

Under 28 U.S.C. § 1631, a civil action that is filed in a court without jurisdiction to consider the matter may be transferred to a court where the action could have properly been

brought at the time it was filed.[4]  See Hussein v. Ashcroft, No. 01-CV-1239, 2002 WL 31027604, at *2 (E.D.N.Y. Sept. 12, 2002) ("Where a petitioner improperly brings [a citizenship] claim in the district court, the appropriate procedure is to transfer the claim to the court of appeals pursuant to 28 U.S.C. § 1631."). Because the court of appeals has jurisdiction in the first instance over citizenship claims, and this court lacks such jurisdiction, I direct the Clerk's office to immediately transfer

---

[4]28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

6

this matter to the United States Court of Appeals for the First Circuit for consideration.[5]

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     May 4, 2007

cc:       Robin Rodriguez, pro se

---

[5] In ordering this case transferred, I make no comment on the merits or timeliness of Rodriguez's claims.